**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2039**

_____

TEOFILO CALVA RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: June 8, 2023                                    Decided: July 10, 2023

_____

Before KING and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teofilo Calva Ramirez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Ramirez challenges the agency's finding that he did not show that his removal would result in an exceptional and extremely unusual hardship to his United States citizen daughters. We deny the petition for review.

The Attorney General "'*may* cancel removal' of an applicant who meets four statutory criteria: 1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person 'of good moral character' during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant 'establishes that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren].'" *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (quoting 8 U.S.C. § 1229b(b)(1) (alterations in original)). "However, even if the applicant satisfies these four statutory requirements, the Attorney General still retains the discretion to deny an application for cancellation of removal." *Id.* (footnote omitted).

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under . . . [§] 1229b," except as provided in § 1252(a)(2)(D) (permitting review of constitutional claims or questions of law). Under § 1252(a)(2)(D), we have jurisdiction to review as a mixed question of fact and law the IJ's

2

ruling on the exceptional and extremely unusual hardship requirement of § 1229b(b)(1).

*Gonzalez Galvan*, 6 F.4th at 560.  But our review is limited.

> [W]e may not review the IJ's factual findings related to the hardship determination.  Therefore, we accept as true the IJ's settled factual findings.  However, we review de novo the application of those facts to the statutory legal standard.  Accordingly, we consider here only whether the IJ erred in holding that [the] evidence failed as a matter of law to satisfy the statutory standard of exceptional and extremely unusual hardship.

*Id.* at 561 (citations and internal quotation marks omitted); *see Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . the . . . provisions enumerated in § 1252(a)(2)(B)(i).").  When the Board adopts and affirms the IJ's decision, as in this case, we may review both decisions.  *Ibarra Chevez v. Garland*, 31 F.4th 279, 288 (4th Cir. 2022).

In making the hardship determination, the IJ should "consider the ages, health, and other circumstances of the United States citizen or lawful permanent resident family members in determining whether the applicant has established exceptional and extremely unusual hardship.  To meet this evidentiary burden, the applicant must demonstrate that the hardship facing the family is substantially beyond the ordinary hardship that would be expected when a close family member is removed."  *Id*. (citation and internal quotation marks omitted).  If the health of the qualifying relative is at issue, "an applicant needs to establish that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country."  *In re J-J-G-*, 27 I. & N. Dec. 808,

3

811 (B.I.A. 2020) (footnotes omitted).  "Whether a qualifying relative suffers from a serious medical condition and whether adequate medical care for this condition is reasonably available in the country of removal are findings of fact that are made by an Immigration Judge and reviewed on appeal under a clearly erroneous standard." *Id*.

We conclude that the agency properly applied the factual findings to the legal standard.  We note that the Board assumed that Ramirez's daughters had serious medical conditions, but that Ramirez failed to show that adequate medical care would not be reasonably available in Mexico.  Also, the IJ properly took into consideration Ramirez's assets in determining that Ramirez did not show that he and his family will suffer financial hardship out of the ordinary and that adequate medical care and educational opportunities will be beyond the family's reach.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*